## BLANCHE CUNNIEN v. WEST PUBLISHING COMPANY AND ANOTHER.[1]

March 22, 1929.

No. 27,226.

[1]Reported in 224 N. W. 244.

*Weikert, Lohmann & Wilford,* for relators.
*H. W. Goetzinger,* for respondent.

HOLT, J.

Certiorari to review the action of the industrial commission awarding an employè compensation for a claimed accidental injury.

Blanche Cunnien, an employe of the West Publishing Company, was a press feeder. The large revolving cylinder press is stopped by stepping on a tripper projecting an inch and a half from the floor of the platform upon which the operator is seated. A bad sheet was going through and Miss Cunnien, in attempting to stop the press quickly, missed the tripper and struck the inside of the foot slightly below and in front of the ankle against the side of the platform. This occurred about an hour before quitting time on a Saturday. When the employe arose from her chair to leave she felt more pain than while sitting. On removing the shoe a red bruise was found which later turned bluish. She was unable to go to work on Monday. The foot became so painful that a doctor was called, and she was taken to a hospital on Friday following the injury where she remained several weeks. The doctor in charge and his father, also a doctor, who examined the foot at the time he referred the case to his son for treatment, were of the opinion that the injury and subsequent disability resulted from the accident. There is no inherent improbability in the testimony of Miss Cunnien as to her foot slipping from the tripper; and the bruise on the foot, testified to by her doctors, corroborates her claim that she received an accidental injury arising out of and in the course of her employment.

A little over a year previous to this injury she had been treated for a disease to which the doctor who testified for the employer attributed the condition of the foot. But this doctor on cross-examination somewhat discredited the opinion expressed on direct,

that her disability was from arthritis caused by the flaring up of the previous disease referred to, by this testimony:

Q. "Then your opinion is that the arthritis must have had some start in that joint before the disability set in?" A. "Maybe and maybe not." Q. "And also that it could come on as quick as a foot could slip off a pedal and strike a platform of the press, in an instant?" A. "It can come on suddenly." Q. "So suddenly as that?" A. "Well, I could not answer that question." Q. "Then after all there is some doubt in view of the history of this case, is there not?" A. "Well, it is an arthritis in my opinion." Q. "But you have not definitely proven that, have you?" A. "That it is arthritis?" Q. "Yes." A. "No, that is my opinion." Q. "That is merely an opinion?" A. "Yes." Q. "Which may be wrong just as readily as right?" A. "Yes, sir."

In view of this testimony of the sole witness disputing the claim of Miss Cunnien and her doctors, no reasonable contention can be made that the finding of the two commissioners who united in awarding compensation for the disability is not adequately sustained.

The award is affirmed with $50 attorney's fees to respondent to be taxed in this court.